503 A.2d 446

Charles E. BROOKS

v.

Charles McMENAMIN and Audrey McMenamin, His Wife, and Camelot of the Poconos, Inc., Appellants.

Superior Court of Pennsylvania.

Argued June 18, 1985.

Filed Jan. 21, 1986.

Meyer Simon, Glenside, for appellants.

Mark S. Love, Stroudsburg, for appellee.

Before MONTEMURO, POPOVICH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the Order entered November 30, 1984, in the Court of Common Pleas of Monroe County denying appellants' petitions to amend their answer to the complaint and for an extension of time to respond to the motion for summary judgment and granting appellee's partial summary judgment.

This case arises out of an agreement between the parties by which appellee was to purchase one-third of the stock of the corporate appellant and become an employee. Appellee subsequently filed a Complaint against appellants contain-

ing seven counts, seeking *inter alia,* to rescind the stock purchase agreement (Count I). The trial court later granted appellee's motion for partial summary judgment regarding Count I with the order directing appellants to return to appellee the money he had paid for the stock plus interest.

Appellants present the following questions on appeal[1]:

1. Did the trial court abuse its discretion by refusing to grant appellants' petitions to amend their answer to the complaint and for an extension of time to answer the motion for partial summary judgment?

2. Did the trial court err in granting the motion for partial summary judgment on the basis that appellant violated the Pennsylvania Securities Act in conjunction with the stock purchase agreement?

After appellee filed a motion for partial summary judgment appellants simultaneously filed petitions (1) for an extension of time to respond to the motion and (2) for leave to amend their answer to the complaint to include new matter asserting the defenses of the Statute of Limitations and laches.

Appellants contend that the trial court abused its discretion in denying the petitions because it did not discuss any potential prejudice sustained by appellee if they had been granted.

In *Berman v. Herrick,* 424 Pa. 490, 227 A.2d 840 (1967), the Pennsylvania Supreme Court stated that:

Although the allowance of an amendment to a pleading is a matter of judicial discretion, such amendments are liberally permitted except where surprise or prejudice to the other party will result, or where the amendment is against a positive rule of law.

---

1. Although appellants list six (6) issues in their Statement of Questions Presented, the argument section of their brief has not been so divided as required by Pa.R.A.Pro. 2119(a). Accordingly, we have consolidated some issues for purposes of discussion.

This principle of liberally permitting amendments was reiterated by this Court in *Gallo v. Yamaha Motor Corp., U.S.A.,* 335 Pa.Superior Ct. 311, 484 A.2d 148 (1984):

> The decision to permit an amendment to pleadings is committed to the sound discretion of the trial judge. That discretion however is not unfettered. Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits. *Tanner v. Allstate Ins. Co.,* 321 Pa.Superior Ct. 132, 467 A.2d 1164 (1983).

The trial court in the case sub judice denied the petition to amend because of appellant's failure to explain their "unreasonable delay" of six (6) months since the filing of the answer.

Although the time of the amendment is a factor to be considered, it appears that it is to be considered only insofar as it presents a question of prejudice to the opposing party. The Pennsylvania Supreme Court in *Bata v. Central Penn National Bank of Philadelphia,* 448 Pa. 355, 293 A.2d 343 (1972); *cert. denied* 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973) (allowing amendment to a complaint after the trial court's decree was entered):

> All amendments have this in common: They are offered later in time than the pleading which they seek to amend. If the amendment contains allegations which would have allowed inclusion in the original pleading (the usual case) then the question of prejudice is presented by the time at which it is offered rather than by the substance of what is offered.

Considering the foregoing we conclude that the trial court by denying the petition to amend, based on nothing more than unreasonable delay, abused its discretion. Accordingly, the order is vacated. We do not reach the merits of appellant's remaining claims.

Order vacated.