507 A.2d 1230

Charles GUTIERREZ and Lorraine Gutierrez, His Wife

v.

PENNSYLVANIA GAS & WATER COMPANY, Kaminski Brothers, Inc., Syrstone, Inc., and Antonio Constantino, t/a Midway Garden Center

v.

The CITY OF WILKES–BARRE, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 18, 1985.

Filed April 16, 1986.

Ralph J. Johnston, Jr., Wilkes-Barre, for appellant.

Rona Totolu, Wilkes-Barre, for Kaminski, appellee.

Before CAVANAUGH, WICKERSHAM and HOFFMAN, JJ.

WICKERSHAM, Judge:

The City of Wilkes-Barre appeals from the order of the Court of Common Pleas of Luzerne County denying the City's request for leave to amend its answer.

On March 22, 1983, Charles and Lorraine Gutierrez commenced the instant trespass action against four defendants: Pennsylvania Gas & Water Company; Kaminski Brothers, Inc.; Syrstone, Inc.; and Antonio Constantino, t/a Midway Garden Center. The Gutierrez complaint, filed on April 28, 1983, alleged negligence on the part of the defendants resulting in injuries to Mr. Gutierrez when, on October 30,

1981, he fell over a water shut-off valve exposed during a reconstruction project along North Main Street in Wilkes-Barre. Various pleadings not relevant here followed.

On June 17, 1983, Kaminski Brothers, Inc., appellee herein, filed a praecipe and writ joining the City of Wilkes-Barre, appellant herein, as an additional defendant. In its complaint against appellant, filed on September 30, 1983, appellee alleged that prior to the accident date, it had been instructed by appellant to cease all work in the area and had in fact done so, leaving the areas under appellant's exclusive possession and control. On July 5, 1984, appellant filed an answer and new matter to appellee's complaint. Appellant essentially denied that the area was in appellant's exclusive control and that it had ordered appellee to cease all work in the area. In its new matter, appellant sought indemnification from appellee in the event it should be found liable under the original complaint. Appellee replied to the new matter on July 23, 1984, thus ending the pleadings relevant to this appeal.

On February 15, 1985, appellant filed a petition for leave to file an amended answer and new matter to appellee's complaint. Specifically, appellant sought to raise a notice defense under 42 Pa.C.S. § 5522(a) and a governmental immunity defense under 42 Pa.C.S. § 8541, *et seq.* On May 2, 1985, the lower court denied appellant's petition for leave to amend. Appellant filed this timely appeal, in which it raises the following two issues:[1]

---

1. We have considered whether this appeal is properly before our court. 42 Pa.C.S. § 762 states in relevant part:

    **§ 762. Appeals from courts of common pleas**

    (a) **General rule.**—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

    (7) Immunity waiver matters.—Matters conducted pursuant to Subchapter C of Chapter 85 (relating to actions against local parties).

    Under this section, this case could have properly been appealed to the Commonwealth Court or could be transferred thereto by our court. *See* 42 Pa.C.S. 705; *Township of Elder v. County of Monroe,* 330 Pa.Super. 74, 478 A.2d 1357 (1984).

I. Whether The City of Wilkes-Barre, Additional Defendant below, should be granted leave to file an Amended Answer and New Matter.

II. Whether Plaintiffs have waived any objection to the Petition for Leave to Amend of The City of Wilkes-Barre.

Brief for Appellant at 3. Because of our resolution of the first issue, we need not address the second issue.

■ Pa.R.C.P. No. 1033 provides:

A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.C.P. No. 126 provides:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

With these two rules serving as our focal point, we have examined the relevant caselaw. It is well-settled that the

We note, however, that neither party has objected to the appeal before this court. We are therefore invested with jurisdiction to decide the matter by virtue of 42 Pa.C.S. § 704(a), which states:

§ 704. Waiver of objections to jurisdiction

(a) General rule.—The failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of this title, or of any general rule adopted pursuant to section 503 (relating to reassignment of matters), vesting jurisdiction of such appeal in another appellate court.

See *Rosenberg v. Holy Redeemer Hospital,* 351 Pa.Super. 399, 506 A.2d 408 (1986).

decision to grant or deny permission to amend a pleading is a matter of judicial discretion. *Berman v. Herrick,* 424 Pa. 490, 227 A.2d 840 (1967); *Tanner v. Allstate Insurance Co.,* 321 Pa.Super. 132, 467 A.2d 1164 (1983). However, this discretion is not unfettered. "Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits." *Gallo v. Yamaha Motor Corp., U.S.A.,* 335 Pa. Super. 311, 313, 484 A.2d 148, 150 (1984). Amendments should be allowed with great liberality at any stage of the case unless they violate the law or prejudice the rights of the opposing party. *Brooks v. McMenamin,* 349 Pa.Super. 436, 503 A.2d 446 (1986); *First Pennsylvania Bank, N.A. v. DiDomenico,* 337 Pa.Super. 191, 486 A.2d 971 (1984); *Tanner v. Allstate Insurance Co., supra.*

██ We have examined the record and find that neither an error of law nor the kind of prejudice to which the caselaw refers, would occur if amendment was to be permitted in this case. Although the time of the amendment is a factor to be considered, *see Tanner, supra,* it appears that it is to be considered only insofar as it presents a question of prejudice to the opposing party. *Brooks v. McMenamin, supra.*

As our court explained recently:

All amendments have this in common: they are offered *later in time* than the pleading which they seek to amend. If the amendment contains allegations which would have allowed inclusion in the original pleading (the usual case), then the question of prejudice is presented by *time* at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed[.]

*Gallo v. Yahama Motor Corp., supra* 335 Pa.Super. at 314, 484 A.2d at 150, *quoting Bata v. Central-Penn National Bank of Philadelphia,* 448 Pa. 355, 380, 293 A.2d 343, 357

(1972), *cert. denied,* 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973) (emphasis in original; footnote omitted).

The trial court found that amendment of appellant's answer would cause undue delay of the proceedings and impose additional inconvenience and expense on the parties. We have held recently that a trial court's denial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion. *Brooks v. McMenamin, supra.* In any event, we find no evidence that allowing the amendment of appellant's answer would cause undue delay. Both defenses appellant seeks to assert could be addressed at trial. Moreover, the trial, which was scheduled for the end of June 1985, over four months after appellant's petition to amend, was continued on petition of appellee. Thus, this was not a situation where the request to amend was made on the eve of trial. While it is likely that most amendments to pleadings cause additional inconvenience and expense for the parties, we are not convinced that this amendment would cause such undue delay as to prejudice appellee under the above standard. "[P]rejudice must be something more than a detriment to the other party, for to make an advantage operate as a bar to amendment would be 'to destroy the right to amend except in cases when the moving party would have no reason to amend.'" *Tanner v. Allstate Insurance Co., supra* 321 Pa.Super. at 138, 467 A.2d at 1164 (quotation omitted); *Sands v. Forrest,* 290 Pa.Super. 48, 53, 434 A.2d 122, 125 (1981) (quotation omitted).

In the absence of a proper and compelling ground for refusing the amendment, the lower court should grant leave to amend. *Gedekoh v. Peoples Natural Gas Co.,* 183 Pa.Super. 511, 133 A.2d 283 (1957). Its refusal to do so under such circumstances is an abuse of discretion which is reversible on appeal. *Pellegrine v. Home Insurance Co.,* 200 Pa.Super. 48, 186 A.2d 662 (1962). Considering the foregoing, and consonant with the policy favoring liberal allowance of amendment, we conclude that the lower court erred in denying appellant's petition to amend.

Order vacated and case remanded with leave for appellant to amend its answer consistent with this opinion. Jurisdiction is relinquished.