533 A.2d 762

**Thomas CARPITELLA, a Minor By his Parent and Natural Guardian, Shirley CARPITELLA and Shirley Carpitella in her own right**

v.

**CONSOLIDATED RAIL CORPORATION T/A Conrail and SEPTA and North Pennsylvania Railroad and Reading Company and National Railroad Passenger Corporation T/A Amtrak and Northeast Commuter Services Corporation and Amtrak Commuter Services Corporation and Philadelphia Electric Company.**

**Appeal of SEPTA.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1987.

Filed Nov. 13, 1987.

154

Joseph R. Livesey, Philadelphia, for appellant.

Bruce D. Hess, Huntingdon Valley, for appellees.

Before CIRILLO, President Judge, and BECK and TAMILIA, JJ.

CIRILLO, President Judge:

Thomas Carpitella, a minor, and Shirley Carpitella, his parent and guardian, filed suit against Southeastern Pennsylvania Transportation Authority (SEPTA) in the Court of Common Pleas of Philadelphia County on November of 1984. The Carpitellas alleged that Thomas was severely injured when he entered a power substation through an opening under a fence and came in contact with a high

voltage power line. In February of 1985, SEPTA filed an answer to that complaint; in September of 1986 SEPTA petitioned the court for permission to file an amended answer pleading affirmative defenses available to Commonwealth agencies or parties under 42 Pa.C.S.A. § 8501, *et seq.* The request was denied. A motion for reconsideration was also denied. SEPTA then appealed to this court[1].

Appellant SEPTA argues on appeal that the trial court abused its discretion by denying SEPTA leave to amend its answer to allege as "New Matter" that it was acting as a Commonwealth agency and/or party and so was entitled to the immunities and defenses set out in 42 Pa.C.S.A. § 8501 *et seq.* SEPTA contends that (1) the relevant authority to support the proposed defenses did not exist at the time the original answer was filed; (2) refusal to allow an amended answer would require a waiver of those defenses; (3) no inconvenience or delay would result from allowing the answer to be amended; and (4) the amended answer was in conformity with Rule 1033 of the Pa.R.Civ.P.[2]

Appellant SEPTA argues that *Feingold v. SEPTA*, 512 Pa. 567, 517 A.2d 1270 (1986), settled the issue of whether SEPTA was a Commonwealth agency. As the Carpitellas point out, however, this point does not seem to have been in great dispute. In *Feingold*, the Pennsylvania Supreme Court affirmed this court's ruling on that issue. The superior court's decision had been handed down before SEPTA's answer was originally filed. The court relied on a federal

---

1. Septa did not immediately file a statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) and as instructed by the trial court in January of 1987. For this reason that court was unable to prepare an opinion. Approximately one month after the judge instructed SEPTA to file the statement, its counsel did so, stating that he had moved his office and had not received the judge's instructions. The Carpitellas have filed a motion to quash the appeal on the grounds that SEPTA had failed continuously to comply with procedural rules and that noncompliance with Rule 1925(b) could be held to be waiver of SEPTA's right to object. That motion was denied.

2. SEPTA also points out in its brief that the trial court's refusal to permit an amendment is a final and appealable order. *See Grota v. LaBoccetta*, 425 Pa. 620, 230 A.2d 206 (1967); *Sechler v. Ensign–Bickford Co.*, 322 Pa.Super. 162, 469 A.2d 233 (1983).

court decision, *Crilly v. SEPTA*, 529 F.2d 1355 (3rd Cir. 1976), also handed down before the answer was filed, as well as the Urban Mass Transportation Law, 55 P.S. § 600.101 *et seq.* (1980). The decision was not a difficult one. "We have no hesitation in concluding SEPTA was intended to be considered an agency of the Commonwealth." *Feingold*, 512 Pa. at 579, 517 A.2d at 1276.

Clearly, SEPTA could have relied on the trial court decision and raised the defenses in its original complaint. The federal district court for the Eastern District of Pennsylvania did so in *Toombs v. Manning*, 640 F.Supp. 938, 944 (E.D.Pa.1986), a case SEPTA cites in arguing precedent has only recently arisen. However, this does not end our analysis of the case. Whether or not SEPTA's delay in pleading these affirmative defenses will bar it from amending its answer depends upon an examination of the liberal pleading policies behind Rule 1033 of the Pennsylvania Rules of Civil Procedure.

Rule 1033 states:

**RULE 1033. Amendment**

A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.Civ.P. 1033. It is well settled that amendment to pleadings is a matter of judicial discretion. It is also settled that such amendments should be allowed at any stage of the adversary process to secure a decision of the case on its merits, unless surprise or prejudice to the other party would result or the proposed amendment is against a positive rule of law. *Tanner v. Allstate Insurance Co.*, 321 Pa.Super. 132, 137, 467 A.2d 1164, 1167 (1983); *Posternack v. American Casualty Co.*, 421 Pa. 21, 24, 218 A.2d 350, 351–52

(1966). The prejudice experienced by the other party must go beyond that which would normally flow from allowing the first party to amend:

> Prejudice that would prevent the grant of an amendment must be ... something more than a detriment to the other party 'since any amendment almost certainly will be designed to strengthen the legal position of the amending party and correspondingly to weaken the position of the adverse party.... To make the advantage sought by an amendment operate as a bar to amendment would be to destroy the right to amend except in cases when the moving party would have no reason to amend.'

*Sands v. Forrest,* 290 Pa.Super. 48, 53, 434 A.2d 122, 125 (1981) (quoting *Cellutron Products Corp. v. Stewart,* 223 Pa.Super. 391, 394, 300 A.2d 900, 901–2 (1972)).

■ Appellees argue that the trial court was well within its discretion to deny amendment because of undue delay on SEPTA's part. If this is so, then SEPTA has failed to comply with Rule 1033. Case law, however, requires more than undue delay on the part of the moving party before the liberal policies will be overcome, as is clear from the cases the Carpitellas themselves cite. Apart from *Hightower v. Bekins Van Lines,* 267 Pa.Super. 588, 407 A.2d 397 (1979) which mentions only the delay, *Bata v. Central– Penn National Bank of Philadelphia,* 423 Pa. 373, 224 A.2d 174 (1966), *Commonwealth, Department of Transportation v. Bethlehem Steel,* 486 Pa. 186, 404 A.2d 692 (1979), and *Tanner v. Allstate Insurance Company,* 321 Pa.Super. 132, 467 A.2d 1164 (1983), require more than a lapse of time between the delay of the original answer and the proposed amendment.

In *Bata,* after allowing appellant to amend after briefs and oral argument, the court denied his request to amend again seven months after appellee had moved for judgment on the pleadings. *Bata,* 423 Pa. at 385, 224 A.2d at 182. The reviewing court pointed out that the trial court had heard argument and requested briefs on those amendments and, in addition, had found that the amendments would not

have advanced appellants' position. *Id.*, 423 Pa. at 385 n. 7, 244 A.2d at 182 n. 7. In *Bethlehem Steel,* the court pointed out that discovery had been proceeding during the time following the close of the pleadings, *Bethlehem Steel,* 486 Pa. at 187, 404 A.2d at 693, a circumstance it found prejudicial, although Justice Manderino in dissent did not. *Id.*, 486 Pa. at 191, 404 A.2d at 695 (Manderino, J., dissenting).

*Tanner* is perhaps the most instructive. After first quoting from *Posternack* and considering the meaning of unfair surprise and prejudice, *Tanner,* 321 Pa.Super. at 137–38, 467 A.2d at 1167, the court turned to the trial court's refusal to allow amendment to plead a statute of limitations defense. Although the court did express concern over undue delay between the original pleading and the motion to amend, it held that it was a factor to be considered, not that it was dispositive of the issue. *Id.*, 321 Pa.Superior Ct. at 137–138, 467 A.2d at 1169. The court then held that the trial court had abused its discretion because it failed to explain its reasons for the denial, because no prejudice was found to inure to the other party and because the defense was timely filed. *Id.*, 321 Pa.Superior Ct. at 143, 467 A.2d at 1170.

In fact, this court has held that the trial court's denial of a petition to amend based on nothing more than a finding of unreasonable delay is an abuse of discretion. *Brooks v. McMenamin,* 349 Pa.Super. 436, 439, 503 A.2d 446, 447 (1986). "Although the time of the amendment is a factor to be considered, it appears that it is to be considered only insofar as it presents a question of prejudice to the opposing party." *Id. See also Gutierrez v. Pennsylvania Gas and Water Co.,* 352 Pa.Super. 282, 286–87, 507 A.2d 1230, 1233 (1986).

In the instant case, SEPTA claims no inconvenience or delay would result from allowing the amendment. At this point, there has already been delay; one and one-half years passed from the time SEPTA filed the original answer to the time it filed for permission to amend. The Carpitellas, however, are unable to show that they have

been or will be prejudiced by SEPTA's amendment of its answer at this time in the proceedings:

All amendments have this in common: they are offered *later in time* than the pleading which they seek to amend. If the amendment contains allegations which would have allowed inclusion in the original pleading (the usual case), then the question of prejudice is presented by *time* at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed[.]

*Gallo v. Yahama Motor Corp.*, 335 Pa.Super. 311, 314, 484 A.2d 148, 150 (1984) (quoting *Bata v. Central–Penn National Bank of Philadelphia*, 448 Pa. 355, 380, 293 A.2d 343, 357 (1972)). Although the only reason SEPTA offers for its failure to include the defenses at an earlier date is that it did not know of them, in the absence of prejudice to the Carpitellas, SEPTA should have been allowed to amend its answer.

We therefore reverse the opinion of the trial court, and remand for further proceedings consistent with this opinion. We relinquish jurisdiction.