551 A.2d 614

Anne V. Kenney, Administratrix of The Estate of Annson Kenney, Deceased *v.* Southeastern Pennsylvania Transportation Authority et al. Southeastern Pennsylvania Transportation Authority, Appellant.

Argued June 14, 1988, before President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Richard C. Biedrzycki,* with him, *John M. Phelan,* Of Counsel: *Phillips and Phelan,* for appellant.

*Andrea J. Chilnic,* with her, *Charles Jay Bogdanoff,* Of Counsel: *Gekoski & Bogdanoff,* for appellee.

OPINION BY SENIOR JUDGE NARICK, December 12, 1988:

The Court of Common Pleas of Philadelphia County denied Appellant Southeastern Pennsylvania Transportation Authority's (SEPTA's) motion for leave to amend its answer and new matter to the complaint filed by Anne V. Kenney as administratrix of the estate of Annson Kenney (Appellee).

The accident in which Annson Kenney was killed occurred December 31, 1981. Appellee filed her original complaint against SEPTA on August 22, 1983. She filed a second complaint[1] on December 29, 1983 against SEPTA and various other defendants. SEPTA filed its answer and new matter on January 25, 1984.

Over three years later, on March 9, 1987, SEPTA sought leave to amend in order to assert the defense

---

[1] Both actions were later consolidated.

that Appellee's failure to notify SEPTA of her claim within six months of the date of the accident operated as a bar to her suit under 42 Pa. C. S. §5522. Because of SEPTA's "unexplained and exceedingly lengthy delay in asserting [this] defense," trial court opinion at 3, the trial court denied the motion to amend.

The threshold issue we must address is whether the trial court abused its discretion in denying the amendment.[2]

It is clear that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time . . . amend his pleading." Pa. R.C.P. No. 1033. Further, Pa. R.C.P. No. 126 provides for liberal construction of the Rules of Civil Procedure. It is equally clear, however, that the decision of whether or not to allow amendment of a pleading is within the discretion of the trial court judge. *Commonwealth v. Bethlehem Steel Corp.,* 486 Pa. 186, 404 A.2d 692 (1979).

The trial court refused to allow amendment here because of the unexplained delay of approximately three and one-half years from the time the complaint was filed. It relied upon *Bethlehem Steel* (where our Supreme Court upheld this Court's refusal to allow the amendment of an answer to plead a statute of limitations defense over three years after the complaint had been filed) and *Hightower v. Bekins Van Lines Co.,* 267 Pa. Superior Ct. 588, 407 A.2d 397 (1979) (amendment not allowed where two and one-half years elapsed between filing of original answer and amended answer).

_____

[2] While neither party has questioned the finality of the order from which SEPTA appeals, we note that an order denying a defendant leave to amend to plead an affirmative defense has been held to be an appealable order. *See, e.g., Posternack v. American Casualty Company,* 421 Pa. 21, 218 A.2d 350 (1966); *James A. Mann, Inc. v. Upper Darby School District,* 99 Pa. Commonwealth Ct. 276, 513 A.2d 528 (1986).

SEPTA argues that the trial court erred because it did not consider whether Appellee had been prejudiced by the delay.[3]

Prejudice to the opposing party is, indeed, one factor to be considered when amendments are sought. Our Supreme Court in *Bata v. Central-Penn National Bank of Philadelphia,* 448 Pa. 355, 380, 293 A.2d 343, 357 (1972), *cert. denied,* 409 U.S. 1108 (1973), summarized the relevant concerns:

> 'All amendments have this in common: they are offered *later in time* than the pleading which they seek to amend. If the amendment contains allegations which would have been allowed inclusion in the original pleading (the usual case), then the question of prejudice is presented by the *time* at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed . . . .' (Citation omitted) (emphasis in original).

At oral argument, counsel for SEPTA referred us to a recent Superior Court decision which reversed a trial court order denying SEPTA leave to amend its answer one year and seven months after its original answer. *Carpitella v. Consolidated Rail Corp.,* 368 Pa. Superior Ct. 153, 533 A.2d 762 (1987). The trial court had based

---

[3] We note that Appellee has appended a copy of the trial court's opinion, dated July 21, 1987, denying SEPTA's motion for reconsideration. We have not considered that opinion because SEPTA appealed from the original order denying its petition to amend dated June 23, 1987 (docketed July 22, 1987). The trial court, by order dated August 27, 1987, designated the opinion dated June 23, 1987 as its opinion for purposes of this appeal.

its decision on SEPTA's undue delay in seeking leave to amend. The Superior Court reversed on the ground that the plaintiffs were unable to show that they were or would be prejudiced by the amendment, noting that it had held in *Brooks v. McMenamin*, 349 Pa. Superior Ct. 436, 503 A.2d 446 (1986), that a trial court's denial of leave to amend based solely on unreasonable delay was an abuse of discretion. We find *Brooks* to be distinguishable in that the amendment to the answer in that case was sought six months after the original answer was filed. Similarly, in *Tanner v. Allstate Insurance Co.*, 321 Pa. Superior Ct. 132, 467 A.2d 1164 (1983), upon which the *Carpitella* court principally relied, the delay involved was six months. Significantly, the court in *Tanner* distinguished *Bethlehem Steel* and *Hightower* on the ground that those cases involved long unexplained delays. In *Carpitella*, the court acknowledged that delay was the only factor involved in *Hightower*. It distinguished *Bethlehem Steel* by noting that, in addition to the three-year delay, discovery had been proceeding following the close of the pleadings, which is also the case here.

We read *Tanner*, *Brooks*, and *Carpitella* together to stand for the proposition that unreasonable delay alone will not ordinarily justify the denial of leave to amend a pleading in the absence of prejudice to the opposing party. However, because this case is factually more similar to *Bethlehem Steel*, involving a delay of more than three years, during which time the case was being prepared for trial, we will follow our Supreme Court's deference to the trial court's discretion and affirm that court's order denying the petition to amend.[4]

---

[4] In light of this conclusion, we need not consider the remaining issues raised by the parties.

## ORDER

AND NOW, this 12th day of December, 1988, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.