580 A.2d 395

**Lawrence HOROWITZ, Alan Horowitz, and Bertram M. Horowitz, Co–Partners, T/A Young Adjustment Company, Appellant,**

**v.**

**UNIVERSAL UNDERWRITERS INSURANCE CO. and John's Chevrolet, Inc.**

Superior Court of Pennsylvania.

Argued March 28, 1990.

Decided Sept. 10, 1990.

474

Marck C. Rifkin, Bryn Mawr, for appellants.

Patricia A. Heenan, Elkins Park, for appellee.

Before WIEAND, BECK and POPOVICH, JJ.

BECK, Judge:

In this appeal we consider whether the trial court erred in denying the appellant's petition to amend its answer to the appellee's counterclaim to assert the statute of limitations as an affirmative defense, more than four and a half years after the appellant filed its original answer.

On April 22, 1981, fire damaged the premises of John's Chevrolet ("John's") on Frankford Avenue in Philadelphia. Several days later, John's engaged the services of Lawrence Horowitz, Alan Horowitz and Bertram Horowitz, co-partners t/a Young Adjustment Company ("Young"), to aid them in adjusting their insurance claims which resulted from the fire. Thereafter, John's insurance carrier, Universal Underwriters Insurance Company ("Universal"), John's alleges, failed to perform on its insurance contract with John's based upon Young's failure to complete a sworn proof of loss statement as required by the policy Universal had issued to John's.

Thereafter, on June 18, 1984, Young filed a complaint against John's in the Court of Common Pleas of Philadelphia County for unpaid commissions Young alleged it was due from the adjustment of the aforementioned fire loss.

On August 31, 1984, John's filed its Answer to Plaintiffs' complaint with a new matter and a counterclaim, seeking damages it alleged resulted from Young's negligence and breach of contract in performing its duties as an adjuster.

On October 18, 1984, Young filed its answer to Johns' counterclaim, in substance denying the allegations. On June 1, 1989, more than four and a half years later, Young petitioned for leave of court to amend its answer to the counterclaim to add the bar of the statute of limitations as an affirmative defense. The trial court denied Young's request to amend its answer. Thereafter, Young filed a petition for reconsideration. After granting this reconsideration petition, the trial court again rejected Young's amendment request. Young appeals from both trial court orders denying its amendment request.

The appellee filed a motion to quash in response to the appellant's filing of its notice of appeal. In a per curiam decision, this court entered the following order: "appellee's motion to quash the appeal ... is denied without prejudice to the parties rights to brief and argue the jurisdictional propriety of this appeal before the panel that will hear argument on the merits of this matter." Per Curiam Order, October 24, 1989. While in their briefs to this court neither party has raised the appealability of the trial court's denial of the appellant's amendment petition, we note that we may consider appealability issues *sua sponte. Richards v. Trimbur*, 374 Pa.Super. 352, 356, 543 A.2d 116, 118 (1988), *allocatur denied*, 522 Pa. 620, 563 A.2d 888 (1989).

At the outset, therefore, we must consider whether the trial court's denial of the appellant's petition to amend its answer to plead the statute of limitations as an affirmative defense is either final and, therefore, appealable, or interlocutory and, therefore, not immediately appealable.

Generally, appeals are permitted from final orders only, unless a special right to appeal is statutorily delineated. *James A. Mann, Inc. v. Upper Darby School Dist.*, 99 Pa.Commw. 276, 280, 513 A.2d 528, 530 (1986). "A final

order is one which usually ends the litigation, or alternately, disposes of the entire case." *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 544–45 (1978). In general, orders which deny or grant a party's request to amend the pleadings are interlocutory and, therefore, not immediately appealable. However, an order which denies a party's request to amend an answer to plead an affirmative defense is considered final and is, therefore, immediately appealable. *Soxman v. Goodge*, 372 Pa.Super. 343, 345, 539 A.2d 826, 828 n. 1, *appeal denied sub nom. Petition of Goodge*, 520 Pa. 575, 549 A.2d 136 and 520 Pa. 577, 549 A.2d 137 (1988); *James A. Mann*, 99 Pa.Commw. at 278, 513 A.2d at 530. This is so because denial of a motion to amend to plead an affirmative defense precludes the introduction of proof at trial of what might constitute a complete defense, effectively putting the pleading party "out of court". *Posternack v. American Casualty Co. of Reading*, 421 Pa. 21, 24, 218 A.2d 350, 352 (1966). *See Shaffer v. Pullman Trailmobile, Div. of M.W. Kellogg Co.*, 368 Pa.Super. 199, 209, 533 A.2d 1023, 1028 (1987). More specifically, because a statute of limitations defense may control the outcome of an entire case, an order denying a motion to amend a pleading to plead the statute of limitations as an affirmative defense is final and appealable. *Pellegrine v. Home Ins. Co.*, 200 Pa.Super. 48, 52, 186 A.2d 662, 665, (1962). *See Hughes v. Pron*, 286 Pa.Super. 419, 422, 429 A.2d 9, 11 (1981). We conclude, therefore, that the trial court's denial of the appellant's motion to amend its answer to affirmatively plead the statute of limitations was a final order and is properly on appeal to this court.

 Appellant contends that the trial court erred in denying its motion to amend its answer to affirmatively plead the statute of limitations.[1] Appellant asserts that the

---

1. In its brief, the appellant also briefly suggests several other trial court errors. These issues were neither directly stated in the appellant's statement of questions section nor suggested thereby. We find, therefore, that the strict mandates of Pennsylvania Rule of Appellate Procedure 2116 were not followed. As a result, we decline to address these issues.

record contained no evidence of the prejudice to the appellee which would result if the court permitted the amendment. Absent a showing of prejudice, appellant argues, the trial court should have granted the amendment petition. We agree and, therefore, reverse.

In its motion to amend, the appellant sought to amend its answer to the appellee's counterclaim by asserting that the counterclaim was barred by the statute of limitations. The appellee opposed this motion, claiming that if the court permitted the amendment, discovery would have to be re-opened "to pursue matters of memory, documentation and witnesses which are stale, and *more probably than not* have faded and/or disappeared." Defendant's Response to Plaintiffs' Petition for Leave to Amend Answer to Defendant's Counterclaim (emphasis added). Based upon this single assertion, the trial court concluded that to allow the amendment would be to force the defendant to rely upon "the faded memories of witnesses to overcome Plaintiffs' affirmative defense to Defendant's Counterclaim." Trial Court op. at 4. We now review the propriety of this ruling.

■ When reviewing a trial court's ruling on a party's petition to amend we must bear in mind that the trial court is granted broad discretion in evaluating amendment petitions. *Newcomer v. Civil Service Comm'n of Fairchance Borough*, 100 Pa.Commw. 559, 564–65, 515 A.2d 108, 111 (1986). The sound discretion of the trial court will not be disturbed on appeal absent a showing of an abuse of that discretion. *Ecksel v. Orleans Constr. Co.*, 360 Pa.Super. 119, 131, 519 A.2d 1021, 1027 (1987). With this standard in mind, we review appellant's claim.

■ Pennsylvania Rule of Civil Procedure 1033 provides that:

[a] party, either by filed consent of the adverse party or by leave of court, may *at any time* change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new

cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.C.P. 1033 (emphasis added). This rule has repeatedly been interpreted as requiring the liberal evaluation of amendment requests, *see* Pa.R.C.P. 126 [2], in an effort to secure a determination of cases based upon their merits, *Gallo v. Yamaha Motor Corp., U.S.A.*, 335 Pa.Super. 311, 313–14, 484 A.2d 148, 150 (1984), rather than based upon a mere technicality. Thus, Rule 1033 has been interpreted to permit amendments to pleadings at any time, including before, during and after trial. *Winterhalter v. West Penn Power Co.*, 355 Pa.Super. 17, 21, 512 A.2d 1187, 1189 (1986).

▮ Despite this liberal amendment policy, Pennsylvania appellate courts have repeatedly ruled that an amendment will not be permitted where it is against a positive rule of law, or where the amendment will surprise or prejudice the opposing party. *Robinson Protective Alarm Co. v. Bolger & Picker*, 512 Pa. 116, 119, 516 A.2d 299, 302 n. 6 (1986); *Soxman v. Goodge*, 372 Pa.Super. at 346–47, 539 A.2d at 828; *Ecksel*, 360 Pa.Super. at 131, 519 A.2d at 1027. There is no allegation that the proposed amendment violates a positive rule of law. In its answer to the appellant's petition to amend and in its brief to this court, the appellee seems to be contending that it will, in some way, be prejudiced if the amendment is permitted. The appellee and the trial court in its opinion both contend that the four and a half year delay, in conjunction with the prejudice to the appellee, provide adequate grounds for rejecting the proposed amendment.

At the outset we note that the lateness of a proposed amendment is only to be considered "insofar as it presents a question of prejudice to the opposing party." *Gutierrez v. Pennsylvania Gas & Water Co.*, 352 Pa.Super. 282, 286, 507 A.2d 1230, 1232 (1986). It has been consistently held

**2.** This rule provides, in part, that "[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.C.P. 126.

that "unreasonable delay", by itself, is an insufficient ground upon which to base a denial of an amendment motion. *R.P. Clarke Personnel, Inc. v. Commonwealth Nat'l Bank*, 384 Pa.Super. 524, 536, 559 A.2d 560, 566 (1989). *See Carpitella by Carpitella v. Consolidated Rail Corp.*, 368 Pa.Super. 153, 157, 533 A.2d 762, 764 (1987) (party must establish more than undue delay before liberal policy of amendment entrenched in Pennsylvania case law will be overcome).[3]

The type of prejudice which is required to overcome Pennsylvania's liberal amendment policy has been defined thusly:

"All amendments have this in common: they are offered *later in time* than the pleading which they seek to

3. In its brief, the appellee asserts that before evaluating prejudice, we must first find that the party seeking to file a late pleading has shown cause for the delay. Appellee, however, misstates the law. Contrary to appellee's assertion, *Joyce v. Safeguard Mutual Ins. Co.*, 362 Pa.Super. 522, 524 A.2d 1362, *rev'd on other grounds*, 517 Pa. 488, 539 A.2d 340 (1988), requires cause to be established only where a party seeks to extend or shorten the time during which a pleading must originally be filed. *Id.*, 362 Pa.Superior Ct. at 527, 524 A.2d at 1364. *Joyce* does not require a showing of cause for the delay where a party seeks only to amend a timely filed answer. We note that in *Ganassi v. Buchanan Ingersoll, P.C.*, 373 Pa.Super. 9, 540 A.2d 272 (1988), this court utilized the cause requirement discussed in *Joyce* to evaluate a party's amendment request. Before considering whether the amendment should have been permitted, the *Ganassi* court found that the issue was not subject to review because it had not been properly certified in the record, but rather appeared only in the plaintiff's brief. The court then proceeded to consider the merits of the issue. We find, however, that because the *Ganassi* court had already determined that the issue was not properly presented on appeal, this further analysis constituted dicta and, therefore, is not binding on this court. In addition, we also note that *Ganassi* seems to be the only Pennsylvania appellate case which requires a party attempting to amend a pleading to show cause why the amendment request should be granted. There exist, however, a plethora of cases both before and after *Ganassi* which articulate the principle that in evaluating an amendment request, a trial court's discretion is limited to an analysis of whether the amendment will unduly prejudice the adverse party. *See Pilotti v. Mobil Oil Corp.*, 388 Pa.Super. 514, 565 A.2d 1227 (1989); *Stouffer v. Commonwealth Dep't of Transp.*, 127 Pa.Commw. 610, 562 A.2d 922 (1989); *R.P. Clarke Personnel, Inc. v. Commonwealth Nat'l Bank*, 384 Pa.Super. 524, 559 A.2d 560 (1989); *Brooks v. McMenamin*, 349 Pa.Super. 436, 503 A.2d 446 (1986). For these reasons, we find that *Ganassi* does not control our disposition of this issue.

amend. If the amendment contains allegations which would have been allowed inclusion in the original pleading (the usual case), then the question of prejudice is presented by the *time* at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed...."

*Bata v. Central–Penn Nat'l Bank. of Philadelphia,* 448 Pa. 355, 380, 293 A.2d 343, 357 (1972), *cert. denied sub nom. Bata v. Bata,* 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973) (quoting Fleming, James, Jr., Civil Procedure 158 (1965)). "The mere fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend to raise an affirmative defense which has a substantial likelihood of success." *James A. Mann., Inc. v. Upper Darby School Dist.,* 99 Pa.Commw. 276, 281, 513 A.2d 528, 531 (1986). Rather, the prejudice inquiry is limited to an evaluation of whether undue prejudice exists. *Bata,* 448 Pa. at 380, 293 A.2d at 357; *Winterhalter,* 355 Pa.Super. at 21, 512 A.2d at 1189. The appellee's only factual allegation of prejudice is contained in its answer to the appellant's amendment petition. The appellee alleges that if the court permitted the amendment, discovery would be reopened, requiring the parties to pursue matters within witnesses' memories and documentation which are stale and might have faded over the passage of time. This is the only ground of possible prejudice contained in the appellee's answer. Based solely upon this vague assertion, the trial court found that if the amendment were permitted, the appellee would be prejudiced. Based upon the evidence in the record, we simply cannot so conclude.

The appellee's assertion of prejudice is based wholly upon conjecture and speculation. There are no record facts to support the appellee's assertion that witnesses' memories

have faded over time in a way that would prejudice the appellee. Absent factual evidence to support this assertion we cannot find, as the trial court did, that the appellee has established prejudice. *See, e.g., Pilotti v. Mobil Oil Corp.,* 388 Pa.Super. 514, 518, 565 A.2d 1227, 1229 (1989) (examples of types of prejudice include unfair surprise, loss of witnesses and eleventh hour surprise); *Schaffer v. Litton Systems, Inc.,* 372 Pa.Super. 123, 131–32, 539 A.2d 360, 364, *allocatur denied,* 520 Pa. 583, 549 A.2d 916 and *Litton Sys. Inc. v. Goodyear Tire and Rubber Co.,* 520 Pa. 583, 549 A.2d 916 (1988) (in analyzing whether sufficient prejudice existed to deny amendment request, court emphasized that "the trial court's statement that material evidence has been lost is insufficient to deny appellant's amendment."); *Brooks v. McMenamin,* 349 Pa.Super. 436, 438, 503 A.2d 446, 447 (1986) (reversed trial court's denial of amendment request where six-month delay occurred and no evidence of prejudice present).[4]

Both the appellee and the trial court emphasize the length of the delay as warranting a denial of the appellant's amendment petition. We reiterate that a lengthy delay, without more, is not a sufficient basis for rejecting a petition to amend. This court has previously held that a party must establish more than undue delay to overcome Pennsylvania's liberal amendment policy. *Carpitella,* 368

4. The trial court opinion mischaracterizes the part played by the time of the proposed amendment. The trial court stated that "[t]he later the Petition to Amend is filed, the more it can be presumed that prejudice will flow from its grant and thus less actual prejudice need be demonstrated to defeat the petition to amend the pleading. *Newcomer v. Civil Service Commission of Fairchanie* [sic] *Borough,* 100 Pa.Cmwlth. 559, 515 A.2d 108 (1986)." Trial Court op. at 3. To the contrary, the *Newcomer* court stated that "the later *in the case* such a petition is filed," the more that prejudice will be presumed to have resulted. *Newcomer,* 100 Pa.Commw. at 564, 515 A.2d at 111. The *Newcomer* court went on to emphasize that prejudice will uniformly result where an amendment is sought after the testimony has been concluded where the subject matter of the proposed amendment was not contemplated by the opposing party. In the instant case, however, trial has not commenced. Thus, while five years may have elapsed since the original answer was filed, the case is still in the pretrial stage, requiring the party opposing the amendment to bring forth actual evidence of undue prejudice.

Pa.Super. at 157, 533 A.2d at 764; *Gallo,* 335 Pa.Super. at 314, 484 A.2d 150. It has similarly been held that the denial of a motion to amend based solely upon unreasonable delay constitutes an abuse of discretion. *Stouffer v. Commonwealth Dep't of Transp.,* 127 Pa.Commw. 610, 615, 562 A.2d 922, 925 (1989).

We conclude, therefore, that the trial court committed an abuse of discretion in denying the appellant's motion to amend its answer to affirmatively plead the statute of limitations. We emphasize that the record contained no evidence of the undue prejudice the appellee would suffer if the court permitted the amendment. Absent such a showing, delay by the moving party prior to seeking an amendment does not operate to provide sufficient grounds for rejecting an amendment motion.

Order reversed. Jurisdiction relinquished.

POPOVICH, J., files dissenting Statement.

POPOVICH, Judge, dissenting:

I cannot discern an abuse of discretion by the trial court in its refusal to grant an amendment almost five years after the opportunity arose and additional years from the occurrence of the incident giving rise to the litigation. The prejudice is as palpable as it is self-evident. See *Comm., Dept. of Transp. v. Bethlehem Steel Corp.,* 486 Pa. 186, 404 A.2d 692 (1979) (motion to amend answer filed three years after original complaint properly denied); *Hightower v. Beckins Van Lines Co.,* 267 Pa.Super. 588, 407 A.2d 397 (1979) (trial court did not abuse its discretion in striking amended answer raising defense of statute of limitations, where the affirmative defense was raised two years and five months after original answer was filed).