J-S64035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHARLEEN M. RELLICK-SMITH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BETTY J. RELLICK AND KIMBERLY V. | : | No. 919 WDA 2019 |
| VASIL | : | |

Appeal from the Order Entered March 25, 2019
In the Court of Common Pleas of Indiana County Orphans' Court at
No(s):  32-14-0490

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY BOWES, J.:          **FILED MARCH 31, 2020**

I respectfully dissent because I believe the law of the case doctrine, specifically the coordinate jurisdiction rule, precluded the amendment of new matter to assert the statute of limitations defense on the facts herein.[1]  I would vacate the judgment and remand for the trial court to rule on the merits of Plaintiff's claims.

In **Zane v. Friends Hospital**, 836 A.2d 25, 29 (Pa. 2003), our Supreme Court reiterated the law of the case doctrine.  It is composed of three canons:

> (1)    upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal,

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] I acknowledge that, if the statute of limitations defense had not been waived, there was some evidence that could support a finding that Plaintiff's claims were time-barred.

> an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

*Id*. (quoting *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995).

Implicated herein with regard to the propriety of the amendment of new matter is the third rule, commonly referred to as the "coordinate jurisdiction rule." Simply stated, it means that judges of coordinate jurisdiction should not overrule each other's decisions. *Id*. The rule is "based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency." *Starr*, *supra* at 1331. Consistent with the law of the case doctrine generally, it "serves to protect the expectations of the parties, to insure uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation." *Id*.

The "prohibition against revisiting the prior holding of a judge of coordinate jurisdiction, however, is not absolute." *Id*. We recognize that a departure from the rule is warranted in "exceptional circumstances" where there has been a change in controlling law, a substantial change in the facts or evidence, or where "the prior holding was clearly erroneous and would create a manifest injustice if followed." *Id*.

Moreover, a ruling at one stage of the proceedings might be revisited later when a different legal standard governs. For instance, a preliminary

objection in the nature of a demurrer may be overruled based on the operative legal standard, while the issue may merit different treatment at the summary judgment stage when a different legal standard applies. *See Neidert v. Charlie*, 143 A.3d 384, 391 (Pa.Super. 2016) (holding coordinate jurisdiction rule does not apply where the motions are different in kind, such as preliminary objections and a motion for summary judgment). *See also Kroptavich v. Pa. Power & Light Co*., 795 A.2d 1048, 1054 (Pa.Super. 2002) (finding no violation of the coordinate jurisdiction rule where the first trial court denied summary judgment on a constructive discharge count finding that it was not preempted as matter of law, and after transfer of the case to a second judge, a second motion for summary judgment was filed on both the age discrimination claim and the constructive discharge claim, alleging insufficient facts were established to sustain each cause of action, as the courts addressed different legal questions, and the second judge did not reopen questions or alter earlier decisions).

Herein, Defendants filed an answer to Plaintiff's complaint and did not plead any affirmative defenses as new matter. They subsequently sought to dismiss the action based on Plaintiff's alleged lack of standing and the statute of limitations. The Honorable Carol Hanna denied dismissal based on the statute of limitations, finding the defense waived for failure to plead it as new matter. *See* Opinion and Order of Court, 6/22/15, at 3. However, the court granted the motion to dismiss based on a lack of standing.

Plaintiff appealed the dismissal for lack of standing, and this Court vacated the order, and remanded the case for further proceedings.[2] We noted therein that the ruling on the statute of limitations had not been broached by the parties. *See Rellick-Smith v. Rellick*, 147 A.3d 897, 901 n.12 (Pa.Super. 2016).

Upon remand, discovery was undertaken and completed. On May 16, 2017, Defendants filed a motion for summary judgment that did not mention the statute of limitations. Summary judgment was denied because the Honorable William Martin concluded that there were issues of material fact. Thereafter Plaintiff filed her certificate of readiness for trial and counsel for defendants moved to withdraw. Six months later, in late 2017, new counsel entered an appearance for Defendants, and Plaintiff filed her pretrial statement. Thereafter, Defendants filed two motions for continuance, both of which were granted.

On June 30, 2018, almost four years after the complaint was filed, Defendants filed a motion styled "Motion to Amend a Pleading," seeking court

_____

[2] In our prior opinion in this case, we held that a beneficiary of a Totten Trust named by the principal during the principal's lifetime had standing to challenge a change of beneficiary designation by the principal's agents. *See Rellick-Smith v. Rellick*, 147 A.3d 897 (Pa.Super. 2016). As we noted therein, that ruling was premised on the facts as pled, specifically, averments in the Complaint that the CDs were "in trust for" accounts owned and created by Rose, which upon her death, would become the property of Defendants and Plaintiff, in equal shares. However, there was evidence adduced at trial that the CDs were held jointly among Rose, Defendants, and Plaintiff, and not Totten Trust accounts.

permission to file new matter raising lack of standing and a request for an accounting to establish that the funds used to create the CDs were not Rose's funds, but Defendant Betty Rellick's funds. Defendants attached their proposed New Matter, which contained a catchall paragraph alleging "the affirmative defense of statute of limitations, accord and satisfaction, collateral estoppel, equitable estoppel, release, res judicata, statute of limitation, and waiver." Proposed New Matter to Complaint, 6/30/18, at ¶44.

At the August 17, 2018 pretrial conference, the Honorable Thomas M. Bianco heard argument on the motion to amend the pleading, and issued an order that same day granting Defendants leave to amend.[3] The court determined that the amendment did not unduly prejudice Plaintiff and dismissed any notion that it violated the coordinate jurisdiction rule. Following a bench trial, the court entered judgment in favor of Defendants based on the statute of limitations. My colleagues in the majority affirm the trial court's ruling.

I believe the issue herein is whether the coordinate jurisdiction rule was violated by the 2018 amendment. This is a question of law, and our standard of review is *de novo*. *Zane*, *supra* at 30 n.8. Departure from the law of the case doctrine is permitted "only in exceptional circumstances such as where

---

[3] The initial trial judge was the Honorable Carol Hanna. Following remand from this Court, the case was assigned to the Honorable William Martin, who presided, *inter alia*, over the denial of summary judgment. The case was subsequently assigned to the Honorable Thomas M. Bianco.

there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Commonwealth v. Viglione*, 842 A.2d 454, 464 (Pa.Super. 2004) (quoting *Starr*, *supra* at 1332).

I submit that Judge Hanna's finding that the statute of limitations defense was waived was in accord with Pa.R.C.P. 1030, which states that the "statute of limitations . . . shall be pleaded in a responsive pleading under the heading New Matter." Rule 1032(a) provides further that,

> A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim, the defenses of failure to exercise or exhaust a statutory remedy and an adequate remedy at law and any other nonwaivable defense or objection.

Pa.R.C.P. 1032(a). Based on the applicable rules, Judge Hanna's ruling that the statute of limitations defense was waived was not "clearly erroneous." Nor was there an intervening change in the law or a substantial change in the facts or evidence that would warrant a different ruling by a successor court.

Although Defendants were undoubtedly aware within months of the filing of the complaint that the statute of limitations was a potentially viable defense, they neglected to seek leave to amend their Answer to assert it. Rather, they filed a motion to dismiss in 2015 based in part on the unpled

statute of limitations defense, and Judge Hanna ruled that the defense was waived as they failed to plead it. Defendants did not challenge that ruling on appeal.[4]

Instead, almost four years after the complaint was filed, after dismissal was granted and then vacated by this Court, discovery was closed, Defendants' motion for summary judgment had been denied, numerous continuances granted, and two reassignments of trial judges, Defendants filed their motion to amend seeking permission to raise, *inter alia*, the defense of the statute of limitations. Although the successor trial court acknowledged that its predecessor had ruled that the statute of limitations defense was waived, it relied upon **Horowitz v. Universal Underwriters Insurance Co.**, 580 A.2d 395 (Pa.Super. 1990), and Pennsylvania's liberal policy of amendment of pleadings, in granting the motion to resurrect the waived

---

[4] We note that Defendants, as appellees in the first appeal, were not required to file a cross-appeal to preserve their right to challenge the trial court's adverse ruling of waiver on the statute of limitations issue. They were not aggrieved parties as the judgment of dismissal was in their favor. **See** Note to Pa.R.A.P. 511 (citing **Lebanon Valley Farmers Bank v. Commonwealth**, 83 A.3d 107 (Pa. 2013); **see also Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.**, 137 A.3d 1247, 1259-60 (Pa. 2016) (concurring opinion, Saylor, C.J.) (citing **Lebanon Valley Farmers Bank**, **supra**, for proposition that Meyer Darragh was not required to file a protective cross-appeal where it prevailed below on its *quantum meruit* claim, as "a successful litigant need not file a protective cross-appeal on pain of waiver"). **Accord Richards v. Ameriprise Fin., Inc.**, 217 A.3d 854, 863, (Pa.Super. 2019). The exception to that rule, which is inapplicable herein, is where the judgment did not grant the appellee the relief it sought. **Pittsburgh Constr. Co. v. Griffith**, 834 A.2d 572, 588 (Pa.Super. 2003) (quoting Pa.R.A.P. 511 note).

defense. The trial court viewed the request to amend as "an entirely different procedural question[,]" and found that "the law of the case doctrine did not bar the trial court from addressing this question which had not been presented to Judge Hanna or our court in the earlier proceedings." Majority Memorandum at 7.

In my view, the ruling permitting the amendment violated the coordinate jurisdiction rule as a subsequent trial judge altered the resolution of a legal question decided by a prior trial judge. While the majority maintains that granting leave to amend to assert a statute of limitations defense does not overrule an earlier trial court order that the defense was **waived**, I respectfully disagree. It is beyond cavil that the subsequent ruling altered the legal effect of the first trial court's ruling. Moreover, while there are limited exceptions to the coordinate jurisdiction rule, they are inapplicable herein for the reasons that follow.

Defendants did not assert a change in controlling law, a substantial change in the facts, or a different legal standard. Nor did they allege that Judge Hanna's prior waiver holding was "clearly erroneous." Instead, they waited three years, when the case was certified "trial ready," and did an end run around the prior ruling of waiver by seeking leave to amend their pleading to assert the waived defense as new matter. The trial court marginalized the ruling of the prior judge of coordinate jurisdiction that was the law of the case throughout discovery and dispositive motions and treated the motion as a

mere request to amend a pleading governed by *Horowitz*. It held that the coordinate jurisdiction rule did not bar the amendment because the motions were of different types and the case was in a different procedural posture.

I believe the Majority's reliance upon *Horowitz* to affirm the trial court is misplaced. The coordinate jurisdiction rule was not implicated therein as there was no prior ruling by a trial court that was effectively overruled by the proposed amendment. Furthermore, in granting the motion to amend in the case *sub judice*, the trial court erred in focusing on prejudice, and concluding that "Plaintiff could not claim an unfair surprise or an eleventh hour surprise, as the defense of statute of limitations was set forth as a basis for Defendants' Motion to Dismiss, which was filed a mere four months after Plaintiff filed her Complaint." Trial Court Opinion, 7/16/19, at 8.

I submit that a showing of prejudice is unnecessary when the issue is whether a proposed amendment would violate the law of the case, and the trial court applied the wrong legal standard. Litigants have a right to rely on legal rulings as they prepare their cases for trial. The law of the case doctrine recognizes that when later rulings upend earlier rulings, the parties' expectations are dashed, proceedings are inconsistent, and finality is undercut. I submit further that the majority ignores the fact that Defendants knew of a possible statute of limitations defense four months after the complaint was filed, yet they did not seek leave to amend their new matter to assert the defense before seeking dismissal on that basis. Instead, they filed

the motion to dismiss that resulted in the trial court's order finding the defense waived. That finding is the law of the case, and the successor trial court violated the coordinate jurisdiction rule when it subsequently abrogated that ruling on the eve of trial by permitting the amendment.

Absent the statute of limitations issue, the question remains whether Defendants breached their fiduciary duties under Rose's power of attorney ("POA") when they removed Plaintiff's name from the CDs. An agent acting pursuant to a POA has a duty to effectuate the principal's intent in estate planning, to the extent known. *See* 20 Pa.C.S. § 5601.3(b)(1) (obligating agent acting under POA to "act so as not to create a conflict of interest that impairs the agent's ability to act impartially in the principal's best interest"); *see also* 20 Pa.C.S. § 5601.3(b)(2), (6) (imposing duty upon agent to "[a]ttempt to preserve the principal's estate plan, to the extent actually known by the agent, if preserving the plan is actually in the principal's best interest based on all relevant factors").

Furthermore, evidence was introduced by both Plaintiff and Defendants that would support a finding that the CDs were joint accounts created by Rose to minimize the inheritance tax consequences of "in trust for" accounts. If credited, the accounts may have been multi-party accounts governed by the Multi-Party Accounts Statute, 20 Pa.C.S.§ 6301 *et seq*., which applies to CDs. *See* 20 Pa.C.S. §§ 6301-6306. *See also In re Falucco*, 791 A.2d 1177 (Pa.Super. 2002) (noting that for purposes of the MPAA, "account includes a

certificate of deposit").  The MPAA, if applicable, may have an impact on whether the action taken by Defendants in removing Plaintiff from the CDs was an abuse of the POA.

I would vacate the judgment and remand for the trial court to make findings of fact and conclusions of law regarding, *inter alia*, the nature of the CDs, who owned them, whether they were part of Rose's overall estate plan, and whether Defendants acted consistently with or in furtherance of Rose's estate plan when they removed Plaintiff from the CDs.  Hence, I dissent.