565 A.2d 1227

**Samuel J. PILOTTI, Appellee,**

v.

**MOBIL OIL CORPORATION, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1989.

Filed Nov. 8, 1989.

Richard C. Biedrzycki, Philadelphia, for appellant.

Anthony T. Vetrano, Paoli, for appellee.

Before TAMILIA, KELLY and CERCONE, JJ.

KELLY, Judge:

In this case we are called upon to determine whether a trial court abused its discretion in denying a motion to amend pursuant to Pa.R.C.P. 1033 in order to cure answers

deemed to have the effect of admissions due to their inadequacy under Pa.R.C.P. 1029(b), and in granting judgment on the pleadings where the request to amend was promptly made and the amendment would have presented a viable defense sufficient to withstand judgment on the pleadings.

The relevant facts and procedural history are as follows. Appellee, Samuel J. Pilotti, discovered that appellant, Mobil Oil Corporation, had decided to sell the real estate upon which Charles D. Fretz was operating a gasoline station under a franchise-lease agreement that was about to expire.

Mobil Oil and Pilotti entered into a brokerage agreement whereby Pilotti was to receive a six percent commission if he could find a buyer for the premises. The agreement was specifically conditioned upon Pilotti closing the sale. The agreement also specifically acknowledged Mobil Oil's rights were subject to lessee Fretz' right of first refusal under the Petroleum Marketing Practices Act, 15 U.S.C.A. §§ 2801 *et seq.*, and that if Fretz chose to exercise this right, Pilotti would not receive a commission.

Pilotti found that Henry Katra and Mark Szilagyi, the owners of the property adjacent to the gasoline station, were interested in purchasing the station when Fretz's lease expired, and Pilotti pursued that interest in hopes of a commission. On December 24, 1985, an agreement of sale was drawn up between Mobil Oil and Katra and Szilagyi. The price for the property was to be two hundred thousand dollars, and the agreement was to become effective when Fretz's lease expired.

However, in accordance with the Petroleum Marketing Act, the agreement was subject to Fretz's right of first refusal. On April 3, 1986, Mobil Oil informed Fretz of the offer by Katra and Szilagyi to purchase the property for two hundred thousand dollars. On July 21, 1986, Mobil Oil notified Pilotti by letter that Fretz had chosen to exercise his option to purchase the property, and the names of Katra and Szilagyi would not appear as grantees on the deed. In this letter, Mobil Oil also informed Pilotti that it was going to reduce the price of the property to Fretz by twelve

thousand dollars in order not to receive any extra profit from the savings on what would have been Pilotti's commission. On August 5, 1986, Mobil Oil and Fretz made settlement on the property with Fretz's name appearing as grantee on the deed. Fretz then conveyed the property to Katra and Szilagyi for two hundred and fifteen thousand dollars. Pilotti did not receive a commission from either Mobil Oil or Fretz, and points to the July 21, 1986 letter as evidence of Mobil Oil's intent to deceive him and cheat him out of the commission he believes he earned by securing Katra and Szilagyi as the ultimate purchasers of the property.

On February 17, 1988, Pilotti served Mobil Oil with a lengthy complaint seeking a twelve thousand dollar commission. In his complaint, he alleged breach of contract, fraud, unjust enrichment, and civil conspiracy. He also sought punitive damages.[1] On May 9, 1988, Mobil Oil filed its answer in which it admitted some allegations and denied others. Many of the denials were phrased either "Denied" or "Denied, Legal conclusion." On December 9, 1988, Pilotti motioned for a judgment on the pleadings, contending that such answers were inadequate under Pa.R.C.P. 1029(b).[2] Pilotti argued that these inadequate answers coupled with other admissions contained in the pleadings entitled him to judgment on the pleadings. Mobil Oil responded that the motion for judgment on the pleading should be denied, and sought leave from the trial court to amend its answer. The trial court granted Pilotti's motion for judgment on the pleadings. This timely appeal followed.

On appeal, Mobil Oil presents the following four issues for our review:

1. Pilotti has also filed a separate suit against Charles D. Fretz for a commission and for punitive damages.
2. Pa.R.C.P. 1029, "Denials. Effect of Failure to Deny" provides in pertinent part:
    (b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof ... shall have the effect of an admission.

1. Did the Court below abuse its discretion in refusing to allow Mobil to amend its answer to the complaint?

2. Was plaintiff entitled to judgment on the pleadings on his claims for breach of contract, misrepresentation and unjust enrichment?

3. Was plaintiff entitled to judgment on the pleadings on his claim that Mobil unlawfully conspired with its vendee/lessee to deprive plaintiff of a real estate brokerage commission?

4. Did Mobil admit by improper denials certain averments of plaintiff's complaint such that Mobil effectively admitted liability to Pilotti?

(Appellant's Brief at 4). After a thorough review of the record, the applicable authority, the briefs, and the trial court opinion, we conclude the trial court abused its discretion in denying Mobil Oil's request to amend, and erred in granting judgment on the pleadings in favor of Pilotti.

▪▪▪ Our Supreme Court has held that the policy in this Commonwealth is to allow amendment where there is a reasonable possibility that an amendment can be accomplished successfully. *Otto v. American Mutual Insurance*, 482 Pa. 202, 205, 393 A.2d 450, 451 (1978); *see* Pa.R.C.P. 1033. Although the granting of leave to amend the pleadings is committed to the sound discretion of the trial judge, that discretion is not unfettered. A court may disallow leave to amend the pleadings only where prejudice to the other party would result. *Gallo v. Yamaha Motor Corp. U.S.A.*, 335 Pa.Super. 311, 314, 484 A.2d 148, 150 (1984). Prejudice must amount to something more than the removal of the procedural defect that the amendment is intended to cure. *Cf. W.I. Snyder Corp. v. Caracciolo*, 373 Pa.Super. 486, 492, 493, 541 A.2d 775, 778 (1988). Rather, a trial court may not deny a party leave to amend unless *unfair surprise* or some comparable prejudice will result from the amendment. *Robinson Protective Alarm Co. v. Bolger and Picker*, 512 Pa. 116, 516 A.2d 299 (1986). The timeliness of the request to amend is a factor to be considered, but it is to be considered only insofar as it presents

a question of prejudice to the opposing party, as by loss of witnesses or eleventh hour surprise. *See Brooks v. McMenamin,* 349 Pa.Super. 436, 503 A.2d 446 (1986). No prejudice is even suggested in this case which would warrant denial of Mobil Oil's prompt request to amend its answer to correct alleged inadequacies in its answer.

■■ The policy of this Commonwealth is to grant judgment on the pleadings only in cases where the moving party's right to relief is certain. *See Jones v. Travelers Insurance Co.,* 356 Pa.Super. 213, 217, 514 A.2d 576, 578 (1986). In light of this standard, a court should be cautious in granting judgment on the pleadings if an answer, though inartfully pled, is relevant and the court cannot assume from the pleadings that the defendant cannot plead a good defense to plaintiff's claim. *Mellon Bank N.A. v. Joseph,* 267 Pa.Super. 307, 406 A.2d 1055 (1964); *Medusa Portland Cement Company v. Marion Coal & Supply Co.,* 204 Pa.Super. 5, 201 A.2d 285 (1964). Moreover, this Court's preference for allowance to amend the pleadings even after the opposing party has moved for judgment on the pleadings, has been stated as follows:

[w]here there is any uncertainty or doubt, it should not be assumed that a party cannot plead with more specificity. *The court should consider the advisability of directing a party to amend.* Moreover, in close cases, it would seem that the preferable approach is to await the filing of affidavits and depositions and then to consider the issue on a motion for summary judgment.

*Del Quadro v. City of Philadelphia,* 293 Pa.Super. 173, 177, 437 A.2d 1262, 1263 (1981) (citations omitted) (emphasis added); *see also Austin J. Richards, Inc. v. McClafferty,* 371 Pa.Super. 269, 538 A.2d 11 (1988).

■ Instantly, the trial court's entry of judgment on the pleadings was premature and contrary to the policy of the law of this Commonwealth. There is more than enough uncertainty and doubt contained in the pleadings to warrant giving Mobil Oil opportunity to amend its answer.

In its motion in opposition to judgment on the pleadings, Mobil Oil had alleged that its service of notice on Fretz of the offer by Katra and Szilagyi to purchase the property was mandated by the right of first refusal clause contained in the Petroleum Marketing Practices Act, and could in no way be construed as an attempt by Mobil Oil to conspire with Fretz to deprive Pilotti of a commission. Mobil Oil also asserted that it could not have breached its contract with Pilotti because Pilotti knew by the express and unequivocal terms of his broker's contract that if Fretz exercised his right to purchase the property, Pilotti would not receive a commission.

Review of the record reveals that the factual averments necessary to the defenses, which Mobil Oil sought leave to amend in order to assert, were plainly known to Pilotti even before this litigation commenced. Thus, there would be no undue surprise or prejudice from allowance of the amendment. If averred, those simple facts would provide *at least sufficient doubt* to withstand a motion for judgment on the pleadings. Having been put on notice of the possibility of such an amendment, the trial court erred by proceeding to grant judgment on the pleadings instead of allowing the amendment.

We emphasize that our ruling in this appeal merely prevents a disposition at this time on purely procedural grounds. We neither express nor imply any opinion whatsoever upon the merits of either party's substantive contentions further than to conclude judgment on the pleadings is not proper at this juncture. *Cf. Del Quadro v. City of Philadelphia, supra.*

Based upon the foregoing, the trial court's order is vacated and the case is remanded for proceedings consistent with this OPINION.[3]

Jurisdiction is relinquished.

3. In light of our disposition of the first issue raised by Mobil Oil, we need not reach the merits of three other issues asserted on appeal.