## Indymac Bank F.S.B. v. Vicuna

*Andrew J. Soven,* for plaintiff.
*John P. O'Boyle,* for defendant.

ZULICK, *J.,* March 1, 2007—This matter arises on defendant Klebher O. Vicuna's petition to amend his answer and new matter in this mortgage foreclosure action filed by plaintiff Indymac Bank F.S.B. Mr. Vicuna's counsel has recently become aware that Mr. Vicuna has an ongoing federal lawsuit against Indymac related to the manner in which they procured the mortgage Indymac now seeks to foreclose. That suit is one of 10 which have been joined in the Middle District of Pennsylvania docketed at 05-CV-01515. See exhibit 1. All 10 plaintiffs allege a conspiracy of fraud perpetrated by Indymac, property appraisers, and others to sell them mortgages considerably above market value. In at least this case, the alleged defrauders allegedly sought to take advantage of their customers' limited understanding of the English language and the American real estate market.

Mr. Vicuna secured a mortgage on November 21, 2001 from Indymac to purchase a property and construct a home at 33 Terrace Drive, Effort, Monroe County, Pennsylvania. He located the property after responding to advertising in the New York metropolitan area by area builders.

In 2003, Mr. Vicuna filed a complaint with the Pennsylvania Attorney General's Office, now docketed at *Commonwealth v. Parisi,* no. 612 MD 2004. On April 27, 2004, Indymac initiated foreclosure proceedings. On July 29, 2005, Mr. Vicuna filed a federal lawsuit alleging violations of the Federal Racketeering and Enterprise.

Corruption Act, Pennsylvania Unfair Trade Practices and Consumer Protection Law, et al.

Thereafter, Mr. Vicuna's attorney in this case fell ill and was replaced by current counsel who filed an answer which did not reflect the allegations included in the federal complaint. Mr. Vicuna now seeks to amend his answer and new matter to include the allegations in his ongoing federal litigation. Indymac objects on the grounds that the amendment is futile and would create duplicative litigation.

The parties have submitted briefs and appeared before me for oral argument on February 5, 2007. After careful attention to the various legal issues involved, I find that the amendment in question is not futile and so grant Mr. Vicuna's motion.

## DISCUSSION

Amendments to pleadings are generally liberally allowed under Pa.R.C.P. 1033 ("[a] party . . . by leave of court, may at any time . . . amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new . . . defense"). *Stalsitz v. Allentown Hospital,* 814 A.2d 766, 776 (Pa. Super. 2002), *appeal denied,* 578 Pa. 717, 854 A.2d 968 (2004). Amendments should generally be permitted "to secure a determination of cases on their merits," *Capobianchi v. BIC Corporation,* 446 Pa. Super. 130, 134, 666 A.2d 344, 346 (1995), citing *Gallo v. Yamaha Motor Corp.,* 335 Pa. Super. 311, 313, 484 A.2d 148, 150 (1984), unless a positive rule of law is in opposition or the non-amending party would be unfairly

prejudiced. *Capobianchi, supra,* citing *Horowitz v. Universal Underwriters Insurance Co.,* 397 Pa. Super. 473, 479, 580 A.2d 395, 398 (1990), and citing *Posternack v. American Casualty Co. of Reading,* 421 Pa. 21, 24, 218 A.2d 350, 351-52 (1966).

In a mortgage foreclosure case, amendment is permitted, inter alia, where a defendant's answers are relevant but inartfully pleaded and where allegations that a mortgagee failed to comply with the requirements of the Loan Interest & Protection Law are insufficiently specific. 22 Standard Pennsylvania Practice 2d §121:65, citing *Mellon Bank N.A. v. Joseph,* 267 Pa. Super. 307, 406 A.2d 1055 (1979).

Finally, amendment may be precluded, as Indymac argues, where it would be futile. *Carlino v. Whitpain Investors,* 499 Pa. 498, 505, 453 A.2d 1385, 1388 (1982), citing *Nationwide Mutual Insurance Co. v. Barbera,* 443 Pa. 93, 277 A.2d 821 (1971). Indymac bases its argument for futility on the further argument that the claims from the federal action are not properly cognizable defenses in the instant mortgage foreclosure proceeding.

A mortgage foreclosure proceeding is strictly in rem. Pa.R.C.P. 1141. Only counterclaims which are directly related to the transaction or occurrence out of which the mortgage arose are cognizable in such a proceeding. Pa.R.C.P. 1148.[1] Our Superior Court has held that a wide variety of setoffs and counterclaims are consequently impermissible in such a proceeding. See *Overly v. Kass,*

---

1. This rule is to be interpreted narrowly, *Cunningham v. McWilliams,* 714 A.2d 1054, 1057 (Pa. Super. 1998), citing *Chrysler First Business Credit Corp. v. Gourniak,* 411 Pa Super. 259, 264-66, 601 A.2d 338, 341 (1992).

382 Pa. Super. 108, 113-15, 554 A.2d 970, 973-74 (1989) (precluding defendants from seeking a set-off for misrepresentations about the condition of the property), *Chrysler First Business Credit Corp. v. Gourniak,* 411 Pa. Super. 259, 267, 601 A.2d 338, 342 (1992) (precluding defenses relating to misrepresentation in the inducement to purchase of the property). See also, *Gottchalk v. DeAngelis,* 23 D.&C.3d 334 (Monroe Cty. 1982) (precluding a mortgagor from asserting as a defense or counterclaim in a foreclosure action that the mortgagee had encroached on his property, where he had failed to show that such encroachment was related to the creation of the mortgage or its renegotiation); Standard Pennsylvania Practice 2d §121:68 (counterclaims for professional services; bad faith after the creation of the mortgage by the mortgagee's predecessor in interest; unjust enrichment, laches, and estoppel arising after the creation of the mortgage; and contracts related to the sale of property are inappropriate). (citations omitted)

Indymac correctly sets out the general rule in its brief: "Any defense must go to the existence and validity of the mortgage," *First Federal Savings & Loan Association of Erie v. McAfee,* 15 D.&C.3d 287, 288 (Erie Cty. 1980), and an in personam action to enforce personal liability is prohibited. *Insilco Corporation v. Rayburn,* 374 Pa. Super. 362, 368, 543 A.2d 120, 123 (1988).

What Rule 1148 *does* allow is a counterclaim of fraud in the inducement of the purchase of the *mortgage itself,* rather than fraud in the inducement of the purchase of the *real property subject to the mortgage. Cunningham, supra.* Consequently, to the extent that Mr. Vicuna's proffered amendment relates to fraud in the inducement

of the purchase of the mortgage, it is cognizable. This conclusion is further supported by *Mellon Bank, supra,* finding that a defendant's averment in his answer and new matter that the Loan Interest & Protection Law had been violated insufficiently specific but permissible as a general rule.

As Indymac correctly noted at oral argument, Mr. Vicuna has not attached a proposed amended answer to his petition. However, examining his complaint in the federal fraud action, which was attached to the petition, it is clear that he alleges fraud in the inducement to the mortgage in question. See complaint, *Vicuna v. Parisi* (M.D. Pa. 05-CV-01515), defendant's exhibit 1. This is particularly clear in paragraphs one (alleging predatory lending in the procurement and placement of the mortgage and fraudulent analysis of Mr. Vicuna's ability to pay), 40 (alleging Mr. Vicuna was charged mortgage rates substantially exceeding the market rate as of 2001), and 52 (alleging Indymac knew Mr. Vicuna was being overcharged), et al.

As a result, while it is impossible to determine how much of Mr. Vicuna's amended answer will be appropriate under Pa.R.C.P. 1148, it is apparent that at least some of his federal complaint is also permissible under *Cunningham.* To the extent that his amended answer turns out to be inappropriate for the instant litigation, Indymac may protect its interests by challenging the offending passages pursuant to the rules.

Indymac finally opposes Mr. Vicuna's petition on the grounds that it would create "duplicate, identical litigation" which "would be a waste of judicial resources." Plaintiff's brief at 5. However, they provide no author-

ity for denying his petition on the grounds of judicial economy. Indeed, to do so would have the perverse effect of punishing litigants who filed meritorious fraud suits in federal court by denying them the right to exercise a cognizable affirmative defense in state court.

For the foregoing reasons, no positive rule of law is violated. As a result, the defense of fraud in the inducement is cognizable.

Where no positive rule of law is violated, under *Horowitz, supra,* and *Capobianchi, supra,* Indymac would have to demonstrate prejudice to successfully oppose the petition. Such prejudice as would preclude a party from amending a pleading is roughly akin to unfair surprise—not simply legal detriment, *Chaney v. Meadville Medical Center,* 912 A.2d 300, 303 (Pa. Super. 2006), or untimeliness, *Gutierrez v. Pennsylvania Gas & Water Company,* 352 Pa. Super. 282, 287, 507 A.2d 1230, 1233 (1986). The seminal discussion was set out by our Supreme Court in *Bata v. Central-Penn National Bank of Philadelphia,* 448 Pa. 355, 380, 293 A.2d 343, 357 (1972), *cert. denied,* 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973):

"All amendments have this in common: they are offered *later in time* than the pleading which they seek to amend. If the amendment contains allegations which would have been allowed inclusion in the original pleading (the usual case), then the question of prejudice is presented by the *time* at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may

lose his case on the merits if the pleading is allowed...." (emphasis in original)

Consequently, "[t]he timeliness of the request to amend is a factor to be considered, but it is to be considered only insofar as it presents a question of prejudice to the opposing party, as by loss of witnesses or eleventh hour surprise." *Capobianchi, supra* at 135, 666 A.2d at 347, citing *Pilotti v. Mobil Oil Corp.,* 388 Pa. Super. 514, 518-19, 565 A.2d 1227, 1229 (1989).

Here, Mr. Vicuna correctly notes that permitting the amendment would create no surprise, despite its eleventh-hour nature, because the same issues are currently being litigated in federal court. Indymac never avers that any witnesses will be lost or pleads prejudice at all. Consequently, there is no evidence before me which is sufficient as a matter of law for me to find prejudice and deny Mr. Vicuna's motion.

Mr. Vicuna will be given leave to file an amended answer and new matter within 20 days, stating with particularity his allegations of fraud by Indymac in the inducement of the mortgage.

## ORDER

And now, March 1, 2007, it is ordered that defendant's petition to amend his answer is granted. Defendant is directed to file an amended answer within 20 days.