J-A01005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES HELDRING, INDIVIDUALLY AND ON BEHALF OF PENCOYD IRON WORKS, INC. | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | |
| | : | No. 1731 EDA 2017 |
| LUNDY, BELDECOS & MILBY, P.C., F/K/A LUNDY, FLITTER, BELDECOS & BERGER, P.C., ERIC C. MILBY, ESQ. | : : : : | |

Appeal from the Order Entered April 24, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  May Term, 2015 No. 2532

BEFORE:   LAZARUS, J., OTT, J., and PLATT*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED APRIL 27, 2018**

Pencoyd Iron Works, Inc. ("Plaintiff"),[1] appeals from the order entered in the Court of Common Pleas of Philadelphia County, granting the motion for judgment on the pleadings filed by Lundy, Beldecos & Milby, P.C., and Eric C. Milby, Esquire (collectively, "Defendants").  Upon review, we reverse and remand for further proceedings.

This case involves a malpractice suit instituted by Plaintiff Pencoyd Iron Works against Defendants stemming from Attorney Milby's stewardship of an

---

[1] Although the caption in this matter also names James Heldring as a party, he was dismissed as a plaintiff by the trial court, and that ruling was affirmed by this Court in a prior appeal.  ***See Heldring v. Lundy Beldecos & Milby, P.C.***, 151 A.3d 634 (Pa. Super. 2016).

---

*   Retired Senior Judge assigned to the Superior Court.

underlying collection action. Although Plaintiff successfully obtained a judgment in that matter, it has been unable to collect it because Attorney Milby sued a "trade name" company, "Grasso Holdings," which Plaintiff claims has no assets.[2]

The procedural history of this matter is complicated, to say the least. On May 21, 2015, Plaintiff commenced the instant action by writ of summons against Defendants. Plaintiff alleged that Defendants were "negligent and careless in their pre-litigation investigation and due diligence because they did not name the correct Grasso entity or any of the various legal entities owned or controlled by David Grasso." Amended Complaint, 11/30/15, at ¶ 31. Plaintiff asserted that a search via the internet or Dun & Bradstreet would have been sufficient to alert Defendants as to the identity of the correct legal entity. Plaintiff alleged that Defendants' actions have impaired its ability to collect on its judgment and sought damages for legal malpractice and unjust enrichment.

On December 1, 2015, Defendants filed preliminary objections in the nature of a demurrer. In those preliminary objections, Defendants asserted that the trial court in the underlying matter had determined as a matter of law and fact that Grasso Holdings was the contracting party with Plaintiff and was the party responsible for payment of all amounts due. ***See*** Preliminary

---

[2] The trial court in the underlying action denied a motion for "clarification" filed by Attorney Milby in the underlying action seeking to apply the judgment to various other Grasso entities.

Objections, 12/1/15, at ¶ 20. As such, the correct party was sued and Defendants could not be deemed to have breached a duty of care owed to Plaintiff. By order dated January 13, 2016, the trial court sustained Defendants' preliminary objections and dismissed Plaintiff's amended complaint with prejudice.

Plaintiff appealed the trial court's dismissal to this Court, which reversed the dismissal of Plaintiff's legal malpractice claim and remanded for further proceedings. **Heldring**, 151 A.3d at 646. Upon remand, Defendants filed an answer with new matter on January 26, 2017, raising as a defense the statute of limitations. Specifically, Defendants averred that Plaintiff became aware of the identities of the underlying defendants on or about March 4, 2010. As Plaintiff filed its complaint in the instant matter over five years later, on May 21, 2015, Defendants asserted Plaintiff's claims are barred by the two year statute of limitations on negligence claims[3] and the four year statute of limitations on breach of contract claims.[4]

Plaintiff having failed to respond to Defendants' new matter within 20 days, **see** Pa.R.C.P. 1026(a), Defendants filed a motion for judgment on the pleadings on February 22, 2017, on the basis that Plaintiff's action was barred by the statute of limitations. Thereafter, on February 23, 2017, Plaintiff filed a response to Defendants' new matter in which it generally denied Defendants'

---

[3] 42 Pa.C.S.A. § 5524.

[4] 42 Pa.C.S.A. § 5525.

averments as to the statute of limitations. On March 14, 2017, Plaintiff answered Defendants' motion for judgment on the pleadings. On March 16, 2017, Defendants filed a reply to Plaintiff's answer and, on March 17, 2017, Plaintiff filed a sur-reply brief.

By order dated April 24, 2017, the trial court granted Defendants' motion for judgment on the pleadings and dismissed Plaintiff's complaint with prejudice on the basis that the complaint was not filed within the time allowed by the applicable statutes of limitations. Plaintiff filed a motion for reconsideration, which was denied, followed by a timely notice of appeal to this Court. On appeal, Plaintiff raises the following claims for our review:

1. Did the [trial] court below err when it held that Plaintiff's failure to file a timely [r]eply to [n]ew [m]atter resulted in admissions, thus permitting the entry of judgment on the pleadings, because:

   a. Defendant's [n]otice to [p]lead was in the incorrect form?

   b. Plaintiff's reply was only eight days late, a delay that should have been disregarded in the interest of justice?

   c. Said admissions were insufficient for a grant of the motion for judgment on the pleadings?

2. Did the [trial] court below abuse its discretion when it denied Plaintiff's request to file an [a]mended [r]eply to [n]ew [m]atter?

3. Did the [trial] court below err by granting a motion for judgment on the pleadings when an issue of fact exists as to when Plaintiff, a client, knew or should have known that its attorneys committed malpractice by naming the incorrect party as a defendant in a lawsuit?

Brief of Appellant, at 5-6 (issues renumbered for ease of disposition).

Pennsylvania Rule of Civil Procedure 1034 governs motions for judgment on the pleadings and provides that "[a]fter the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). On appeal from the grant of a motion for judgment on the pleadings, our scope and standard of review are as follows:

> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well[-]pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> *Lewis v. Erie Ins. Exchange*, 753 A.2d 839, 842 (Pa. Super. 2000) (quotation omitted). "We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise." *Holt v. Lenko*, 791 A.2d 1212, 1214 (Pa. Super. 2002) (quotation omitted).

*Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565, 570 (Pa. Super. 2007), quoting *Aquilino v. Philadelphia Catholic Archdiocese*, 884 A.2d 1269, 1275 (Pa. Super. 2005). In other words, "[a] motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law." *Id.*, quoting *Consolidation Coal Co. v. White*, 875 A.2d 318, 325 (Pa. Super. 2005) (citations omitted).

Plaintiff first argues that it was not required to respond to Defendants' new matter, as the notice to plead was not in substantial compliance with Pa.R.C.P. 1361.[5]  This claim is waived.

Plaintiff did not raise the Rule 1361 issue before the trial court, either in its response in opposition to Defendants' motion for judgment on the pleadings or in its motion for reconsideration.  It has long been settled that issues not raised in the lower court cannot be raised for the first time on appeal and are, therefore, waived.  Pa.R.A.P. 302(a); *Milicic v. Basketball Mktg. Co., Inc.*, 857 A.2d 689, 693 (Pa. Super. 2004), citing *ABG Promotions v. Parkway Publishing, Inc.*, 834 A.2d 613, 619 (Pa. Super. 2003) (en banc).  Because

_____

[5] Pennsylvania Rule of Civil Procedure 1026 requires that "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." Pa.R.C.P. 1026.  Pennsylvania Rule of Civil Procedure 1361 sets forth the form of a notice to plead and provides that such notice be in substantially the following form:

> You are hereby notified to file a written response to the enclosed (name of pleading) within twenty (20) days from service hereof or a judgment may be entered against you.

Pa.R.C.P. 1361.

Plaintiff asserts that, because the notice to plead affixed to Defendants' new matter did not contain the language "or a judgment may be entered against you" it was not in "substantial compliance" with the Rule 1361.  Accordingly, no responsive pleading was required and all averments contained in Defendants' new matter were deemed denied.

Plaintiff did not raise the issue of Defendants' failure to comply with Rule 1361 before the trial court, it has waived this argument on appeal.

Plaintiff next claims that the trial court erred in refusing to grant it leave to file an amended answer to Defendants' new matter to properly raise the issue of the application of the discovery rule.[6] In support of its contention, Plaintiff cites **Puleo v. Broad Street Hospital**, 407 A.2d 394 (Pa. Super. 1979). There, plaintiff filed an action in trespass against defendants. In new matter, defendants asserted that plaintiff's claim was barred by the statute of limitations. In its reply to new matter, plaintiff generally averred that his action had been commenced within the time allowed therefor. The court granted judgment on the pleadings in favor of the defendants. Plaintiff filed a motion for reconsideration containing a request to file an amended reply to new matter, accompanied by an affidavit averring that plaintiff's injury was first discovered on May 16, 1974. Using this date, under the discovery rule, plaintiff's complaint would have been within the statute of limitations. The trial court denied reconsideration, as well as plaintiff's request to amend.

On appeal, this Court held that, while the trial court had properly granted judgment based on the pleadings before it, the court should

---

[6] Under the discovery rule, the statute of limitations is tolled until the date an injured party is aware, or reasonably should be aware, of its injury and its cause. **See Ford v. Oliver**, 176 A.3d 891, 904 (Pa. Super. 2017) (citation omitted). Plaintiff argues that, in this case, that date is June 2014, when the Defendants provided its president, James Heldring, with a copy of the trial court's order in the underlying matter denying the motion for clarification filed by Attorney Milby on Plaintiff's behalf. The trial court correctly found that Plaintiff failed to plead the discovery rule in its answer to new matter.

nonetheless have granted plaintiff leave to amend its answer to new matter, where plaintiff's application for reconsideration was accompanied by an affidavit averring that plaintiff did not become aware of his injury until May 16, 1974. The Court stated:

> "[I]t is well settled in this Commonwealth that while the right to amend pleadings is ordinarily a matter resting in the sound discretion of the trial court, amendments should be allowed with great liberality at any stage of the case, unless, of course, they violate the law or prejudice the rights of the opposing party." **Arzinger v. Baughman**, [] 34 A.2d 64, 65 ([Pa.] 1943). **See also**: **Bogert v. Allentown Housing Authority**, [] 231 A.2d 147 ([Pa.] 1967). Where a defect in the pleadings can be cured by amendment, the opportunity to do so will as a general rule be provided. **Lehner v. Montgomery**, [] 119 A.2d 626, 630 ([Pa. Super.] 1956). The reason is a strong reluctance to foreclose a party because of the failure or neglect of his counsel. **McFadden v. Pennzoil Company**, [] 191 A. 584, 585 ([Pa.] 1937).

**Puleo**, 407 A.2d at 396.

We agree with Plaintiff that the trial court should have granted it leave to amend its answer to new matter to plead the discovery rule. As in **Puleo**, Plaintiff's request to amend was accompanied by an affidavit from its president, James Heldring, stating that he did not discover Defendants' negligence until June 2014. This Court has previously stated its preference for allowing amendment of pleadings, even after the opposing party has moved for judgment on the pleadings.

> [W]here there is any uncertainty or doubt, it should not be assumed that a party cannot plead with more specificity. The court should consider the advisability of directing a party to amend. Moreover, in close cases, it would seem that the preferable approach is to await the filing of affidavits and

depositions and then to consider the issue on a motion for summary judgment.

*Pilotti v. Mobil Oil Corp.*, 565 A.2d 1227, 1229 (Pa. Super. 1989), quoting

*Del Quadro v. City of Philadelphia*, 437 A.2d 1262, 1263 (Pa. Super. 1981)

(citations omitted). Only where there is no apparent possibility that plaintiff

will be able to set forth a better case by amendment, is there no abuse of the

court's discretion in refusing the amendment. *Williams By & Through*

*Williams v. Lewis*, 466 A.2d 682, 685 (Pa. Super. 1983). Additionally,

> [a] court may disallow leave to amend the pleadings only where prejudice to the other party would result. *Gallo v. Yamaha Motor Corp. U.S.A.*, [] 484 A.2d 148, 150 ([Pa. Super.] 1984). Prejudice must amount to something more than the removal of the procedural defect that the amendment is intended to cure. *Cf. W.I. Snyder Corp. v. Caracciolo*, [] 541 A.2d 775, 778 ([Pa. Super.] 1988). Rather, a trial court may not deny a party leave to amend unless unfair surprise or some comparable prejudice will result from the amendment. *Robinson Protective Alarm Co. v. Bolger and Picker*, [] 516 A.2d 299 ([Pa.] 1986). The timeliness of the request to amend is a factor to be considered, but it is to be considered only insofar as it presents a question of prejudice to the opposing party, as by loss of witnesses or eleventh hour surprise. *See Brooks v. McMenamin*, [] 503 A.2d 446 ([Pa. Super.] 1986).

*Pilotti*, 565 A.2d at 1229.

Here, the trial court's entry of judgment on the pleadings was an abuse

of discretion, contrary to the policy of the law of this Commonwealth. This

Court has already held that Plaintiff has stated a viable cause of action for

professional malpractice based on Defendants' failure to name the proper

defendants in the underlying collections action. *See Heldring*, *supra*. In its

motion for reconsideration and request for leave to amend, as well as in its

proposed amended answer to new matter,[7] Plaintiff sets forth facts which could, if proven, satisfy the discovery rule and render its claims timely under the applicable statutes of limitations. Moreover, no prejudice has been suggested in this case to warrant denial of Plaintiff's prompt request to amend its answer to correct inadequacies.[8]

In sum, because there exists a reasonable possibility that Plaintiff will be able to set forth a legal theory and facts which, if proven, could toll the relevant statutes of limitations, we conclude that the trial court abused its discretion in refusing to grant Plaintiff's timely request to amend its answer to new matter. Accordingly, we remand the case to the trial court to allow Plaintiff to file an amended answer to new matter.[9]

Order reversed. Case remanded for proceedings consistent with the dictates of this memorandum. Jurisdiction relinquished.

---

[7] The trial court concluded that, even if Plaintiff had properly raised the discovery rule, its negligence claim would still be barred because it should have known of Defendants' alleged negligent conduct not later than May 17, 2013, the date on which Attorney Milby filed the motion to clarify judgment. However, Plaintiff's proposed amended answer raises sufficient questions of fact so as to call that conclusion into question.

[8] The trial court granted Defendants' motion for judgment on the pleadings by order dated April 24, 2017. Plaintiff filed its motion for reconsideration, containing a request to amend its answer to new matter, ten days later, on May 4, 2017.

[9] Because of our disposition, we need not address Plaintiff's remaining issues.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/27/18</u>